**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued July 12, 2011
Decided August 4, 2011

**Before**

WILLIAM J. BAUER, *Circuit Judge*

RICHARD D. CUDAHY, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 10-3110

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 1:07-cr-00658-1 |
| JOSE ORTIZ, *Defendant-Appellant,* | George W. Lindberg, *Judge.* |

**O R D E R**

Jose Ortiz pleaded guilty to several drug related counts, *see* 21 U.S.C. §§ 841(a)(1), 846, and was sentenced to 324 months' imprisonment. On appeal Ortiz challenges two of the district court's sentencing decisions—to increase his offense level for his aggravating role in the conspiracy, U.S.S.G. § 3B1.1(b), and to deny him a reduction for acceptance of responsibility, *id.* § 3E1.1. We affirm.

Between 2000 and 2007, Ortiz participated in a conspiracy with three other individuals; in 2007, he recruited a fourth, Baldomero Pineda Jimenez. Ortiz used Jimenez as a drug courier

to transport cocaine shipments Ortiz received from a supplier in Mexico by way of Arizona. Jimenez would then transfer the drug proceeds to Arizona.

The presentence report proposed a 3-level adjustment for Ortiz's role in the conspiracy, *see* U.S.S.G. § 3B1.1(b), based on Ortiz's efforts in recruiting Jimenez as a courier to transport the drugs and proceeds, providing Jimenez with a vehicle that contained a concealed compartment for drugs, and paying for Jimenez's services. Ortiz objected to this adjustment in writing and again at his sentencing hearing, arguing that he was not a leader of any organization but acted merely as a "broker of cocaine." He denied Jimenez's assertion that he exerted control over Jimenez, and maintained that Jimenez acted at the direction of his Mexican supplier. Ortiz also argued that he deserved an acceptance-of-responsibility reduction because he did not deny his relevant conduct or participation in the conspiracy.

The district court rejected Ortiz's contentions and sentenced him to 324 months, the bottom of the calculated Guidelines range (based on an offense level of 39 and a criminal history category of III). The court credited Jimenez's account of the conspiracy and concluded that Ortiz recruited Jimenez as a courier, provided him with directions and a vehicle, and paid for his services. The court rejected any reduction for acceptance of responsibility because Ortiz "frivolous[ly]" denied his aggravating role in the conspiracy.

On appeal Ortiz first argues that the district court erred by applying the § 3B1.1(b) adjustment. In general terms, he contends that he did not direct Jimenez's activities but only "served as a conduit" between members of the conspiracy. Ortiz asserts that he "had no discretion with respect to the directions he conveyed to Jimenez" and "merely passed on instructions to further the conspiracy mandated by other people."

A defendant qualifies for the 3-level adjustment under § 3B1.1(b) if he "was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive." In determining whether the defendant was a manager or supervisor, the district court should consider factors including "the exercise of decision making authority," "the recruitment of accomplices," and "the degree of control and authority exercised over others." *Id*. cmt. n.4; *see also United States v. Knox*, 624 F.3d 865, 874 (7th Cir. 2010). The district court need not find all such listed factors present or assign them equal weight but should emphasize "both relative responsibility and control over other participants." *United States v. Vallar*, 635 F.3d 271, 280 (7th Cir. 2011) (citation omitted).

Here, the district court acted within its discretion in crediting Jimenez's account over Ortiz's, *see United States v. Etchin*, 614 F.3d 726, 738 (7th Cir. 2010); *United States v. Turner*, 604 F.3d 381, 385 (7th Cir. 2010), and that credibility determination amply justified the application of the § 3B1.1(b) adjustment. Relying on Jimenez's account, the district court considered

appropriate factors in concluding that Ortiz deserved the adjustment: his recruitment of Jimenez, the control he exercised over Jimenez by giving him directions and a vehicle containing a concealed compartment to use in transporting drugs, and the compensation he gave Jimenez. *Knox*, 624 F.3d at 874; *see also United States v. Borrasi*, 639 F.3d 774, 784-85 (7th Cir. 2011); *United States v. Ngatia*, 477 F.3d 496, 501 (7th Cir. 2007); *United States v. Wasz*, 450 F.3d 720, 730 n.5 (7th Cir. 2006).

Ortiz also argues that the district court erred by denying him a 2-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. He says he deserved the reduction because he expressed "remorse and contrition for his crime" and did not dispute the factual basis for his plea, the drug quantity (49 kilograms) attributable to him, or his participation in the conspiracy. But this argument does not address the district court's primary basis for denying Ortiz a § 3E1.1 reduction: Ortiz's outright denial of his aggravating role in the conspiracy. U.S.S.G. § 3E1.1 cmt. n.1(A)(noting that it is proper for the court to consider whether the defendant falsely denied relevant conduct); *United States v. Gordon*, 495 F.3d 427, 431 (7th Cir. 2007) (reduction may be withheld from a defendant who denies his relevant conduct in the face of sworn testimony and other reliable evidence); *United States v. Zehm*, 217 F.3d 506, 515-16 (7th Cir. 2000) (same).

AFFIRMED.